### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANITA GRAHAM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TENNESSEE DEPARTMENT OF LABOR )<br>AND WORKFORCE DEVELOPMENT, )<br>TENNESSEE COMMISSIONER OF LABOR )<br>AND WORKFORCE DEVELOPMENT; )<br>SEARS ROEBUCK; and SEARS HOLDING )<br>CORPORATION, )<br>)<br>Defendants. ) | Case No. 07-CV-648-GKF-FHM |

### OPINION AND ORDER

This matter comes before the Court on the Motion to Dismiss for lack of subject matter jurisdiction filed by the Tennessee Department of Labor & Workforce Development; the Tennessee Commissioner of Labor & Workforce Development; Robert E. Cooper, Jr., Tennessee Attorney General & Reporter; Riley C. Darnell, Secretary of State of the State of Tennessee; and Phil Bredesen, Governor of the State of Tennessee (collectively referred to as the "Tennessee Parties") [Document No. 36].

Plaintiff Anita Graham ("Graham") brings suit against the Tennessee Department of Labor & Workforce Development (the "Department") and the Tennessee Commissioner of Labor & Workforce Development (the "Commissioner") for malfeasance, misconduct and negligence in connection with her unsuccessful claim for unemployment compensation filed with the Department. She also seeks to bring a federal criminal mail fraud claim against the Commissioner. From May 19, 2007 through July 7, 2007, Graham worked in the lawn and garden area of Sears, Roebuck and Co. [Complaint, p. 54 of 92]. Graham filed a timely claim for unemployment benefits on July 18,

2007. *Id.* On August 2, 2007, the Department issued an Agency Decision in which it found that Graham had voluntarily quit without good cause related to work. [Complaint, p. 88 of 92]. Graham filed a timely appeal from the Agency Decision. An Unemployment Appeals Hearing Officer conducted a telephone hearing on August 30, 2007, at which Graham appeared and testified. [Complaint, p. 54 of 92]. The Hearing Officer found that Graham voluntarily quit her job for her own personal reasons, and she did not exhaust all reasonable alternatives prior to resigning. [Complaint, p. 55 of 92]. The Hearing Officer concluded that Graham was not eligible for unemployment benefits under Tennessee Employment Security Law.

Graham then filed a timely appeal to the Department's Board of Review, which affirmed the Hearing Officer's decision on October 3, 2007. The Board of Review held that the Appeals Tribunal had "correctly found the facts and applied the law under [Tennessee Code] § 50-7-303(a)(1)." [Complaint, p. 52 of 92]. The Board of Review specifically advised Graham of her judicial appeal rights:

> Once the Board's decision becomes final, you have thirty (30) days to file for judicial review of this decision [TCA § 50-7-304(i)]. You may file a Petition for Judicial Review in the Chancery Court of the county where you reside. If you reside outside the State of Tennessee, the Petition may be filed in Davidson County [Nashville], Tennessee.

[Complaint, p. 53 of 92].

Graham does not seek to bring Tennessee's Governor and Secretary of State into this action as defendants. Rather, she seeks to join them as plaintiffs "in order that the relief sought might be accorded, made manifest, and justice might be served, preserved, and perpetuated." [Complaint, pp. 4 & 5 of 92]. The Tennessee Parties argue that Graham's attempt to join these state officials as plaintiffs "are meant, in effect, to reach the State [of Tennessee]."

The Complaint contains no claims against Tennessee's Attorney General & Reporter, but Graham issued a summons to Attorney General Robert Cooper, Jr. as a defendant. [Document No. 9]. The summons was returned unexecuted, but the Tennessee Parties' counsel entered an appearance for the Tennessee Attorney General & Reporter nonetheless. [Document No. 26]. Insofar as the Complaint contains no claims against the Attorney General, the motion to dismiss is moot as to that particular entity.

Upon review, the Court concludes the motion should be granted for the following reasons:

First, Graham has failed to respond to the motion. Pro se parties must follow the same rules of procedure that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Second, a private citizen cannot bring a federal criminal mail fraud action, nor does the federal mail fraud statute, Title 18 U.S.C. § 1341, provide for a private cause of action. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999)*; Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178-79 (6th Cir. 1979); *Creech v. Federal Land Bank of Wichita,* 647 F.Supp. 1097, 1099 (D. Colo. 1986).

Third, this Court lacks subject matter jurisdiction over the Tennessee Parties because they are alter egos of the State of Tennessee, and are not "citizens" for purposes of diversity jurisdiction. Graham has sued the Tennessee Parties only in their official capacities as representatives of the State of Tennessee. The claims against the state department and state officers are really claims against the State of Tennessee itself. The Tennessee Parties are therefore properly considered as "the arm[s] or alter ego[s] of the state [of Tennessee]." *Moor v. Alameda County*, 411 U.S. 693, 717 (1973); *Griess v. State of Colorado*, 841 F.2d 1042, 1045 (10th Cir. 1988). There is no question that a State is not a "citizen" for purposes of diversity jurisdiction. *Id.* This Court therefore lacks diversity

jurisdiction over the Tennessee Parties.

Fourth, even if the Court had diversity jurisdiction, Graham's claims are barred by the Eleventh Amendment of the Constitution of the United States, which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

Under the Eleventh Amendment, Tennessee – an unconsenting State – is immune from Graham's claim for money damages.[1]  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Estes v. Wyoming Dept. of Transp.*, 302 F.3d 1200, 1203 (10th Cir. 2002).

WHEREFORE, the Motion to Dismiss for lack of subject matter jurisdiction filed by Tennessee Department of Labor & Workforce Development; the Tennessee Commissioner of Labor & Workforce Development; Robert E. Cooper, Jr., Tennessee Attorney General & Reporter; Riley C. Darnell, Secretary of State of the State of Tennessee; and Phil Bredesen, Governor of the State of Tennessee [Document No. 36] is granted.

IT IS SO ORDERED this 22nd day of May 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[1] Graham's prayer for relief against the Tennessee Department of Labor and Workforce Development is for three million dollars ($3,000,000).

4